# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

EUGENE M. JOHNSON,

        Plaintiff,

v.                                   CIVIL ACTION NO.  3:16-9308

WEST VIRGINIA DIVISON
OF REHABILITATIVE SERVICES,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss (ECF No. 18) pursuant to Federal Rules 12(b)(1) and 12(b)(6). Defendant filed an Answer (ECF No. 15) and an Amended Answer (ECF No. 17) with the Court before filing the instant motion. According to the Federal Rules, a motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Therefore, the Court converts Defendant's motion to dismiss to a Motion for Judgment on the Pleadings pursuant to Federal Rule 12(c). Moreover, "if the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court, thus, has considered the motion in full.

For the following reasons, the Court finds that it lacks subject matter jurisdiction over this case because Plaintiff has failed to exhaust administrative remedies required by Title VII of the Civil Rights Act of 1964 (Title VII) and the Americans with Disabilities Act (ADA).

Accordingly, the Court **GRANTS** Defendant's Motion (ECF No. 18) and **DISMISSES** the case without prejudice.

I.     Background

Plaintiff brings this suit to allege disability discrimination against Defendant as Plaintiff's former employer. Defendant hired Plaintiff as a Rehabilitation Counselor in 2013 to work in the Huntington District Office. *See Pl.'s Compl.*, ECF No. 2, at ¶ 3. Prior to working, Plaintiff was diagnosed with attention deficit hyperactivity disorder (ADHD), dyslexia, migraine headaches, and depression. *Id.* at ¶ 7. Plaintiff alleges that Defendant had notice of this disability status prior to his hiring because Plaintiff received services from the Huntington District Office as one of Defendant's clients. *Id.* at ¶¶ 8-9. The complaint references a Right to Sue Letter issued by the Equal Employment Opportunity Commission (EEOC) and dated August 24, 2015 to justify bringing this case to federal court. *Id.* at ¶ 13.

Plaintiff alleges five different causes of action against Defendant that involve separate instances of alleged discrimination. Plaintiff identifies that each count explains a violation of Title VII and the ADA. Count I specifies that one week after hiring Plaintiff, Defendant terminated services that Plaintiff relied upon as a client, including funding and supportive services to obtain a license as a Licensed Practicing Counselor. *Id.* at ¶ 15. The elimination of these services allegedly impacted Plaintiff's chance to advance in his career. *Id.* at ¶ 16. Count II alleges that Defendant transferred Plaintiff's assistant to another physical location in 2014, which put Plaintiff at a disadvantage in performing his job functions. *Id.* at ¶ 19. Count III explains that Defendant required Plaintiff to conduct all interactions with his assistant via email starting in June of 2014, which caused Plaintiff difficulties because of his dyslexia. *Id.* at ¶ 22. Plaintiff asserts that the other rehabilitation counselors did not have to follow these same communication

requirements. *Id.* at ¶ 24. Count IV addresses Plaintiff's denied request to transfer to another one of Defendant's facilities, which Plaintiff argues would serve as a reasonable accommodation. *Id.* at ¶¶ 28, 32. Due to stress from Defendant's allegedly retaliatory actions, Plaintiff was diagnosed in November of 2014 with panic attacks and neurological migraine headaches. *Id.* at ¶ 27. Plaintiff's doctor recommended that Plaintiff transfer to another facility to lessen the frequency of these ailments. *Id.* Plaintiff argues that Defendant allowed transfers for other employees but denied Plaintiff's request citing company policy. *Id.* at ¶ 30. Lastly, Count V challenges Plaintiff's termination, alleging that Defendant fired Plaintiff for his disability rather than provide a reasonable accommodation. *Id.* at ¶ 37. In the prayer for relief, Plaintiff requests compensatory and punitive damages for these alleged violations of Title VII and the ADA.

## II. Legal Standard

Defendant's motion raises questions regarding both the subject matter jurisdiction of the Court and the sufficiency of Plaintiff's pleading in his complaint. A court must first address whether the court has jurisdiction before judging Plaintiff's allegations on the merits of the case.

### a. Subject Matter Jurisdiction

It is axiomatic that a court must have subject matter jurisdiction over a controversy before it can render any decision on the merits. A motion to dismiss pursuant to Rule 12(b)(1) raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it and requires dismissal if the court lacks such jurisdiction. Federal courts possess "only the jurisdiction authorized them by the United States Constitution and by federal statute." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). Rule 12(b)(1) permits a party to move for dismissal for lack of subject matter jurisdiction. In such cases, the plaintiff has the burden of establishing a factual basis for jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S.

555, 561 (1992); *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In ruling on a 12(b)(1) motion, the court may consider the pleadings' allegations as jurisdictional evidence. *Id.*

Challenges to jurisdiction under Rule 12(b)(1) may be raised in two distinct ways: "facial attacks" and "factual attacks." *Thigpen v. United States*, 800 F.2d 393, 401 n.15 (4th Cir. 1986), *rejected on other grounds by Sheridan v. United States*, 487 U.S. 392 (1988). A "facial attack" questions whether the complaint's allegations are sufficient "to sustain the court's jurisdiction." *Id.* If a "facial attack" is made, the court must accept the complaint's allegations as true and decide if the complaint is sufficient to confer subject matter jurisdiction. *Id.* On the other hand, a "factual attack" challenges the truthfulness of the factual allegations in the complaint upon which subject matter jurisdiction is based. *Id.* In this situation, a "district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768 (citations omitted). To prevent dismissal, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citation omitted). A dismissal should only be granted in those instances in which "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (citation omitted).

   **b. Judgment on the Pleadings Standard**

In analyzing a party's motion for judgment on the pleadings pursuant to Federal Rule 12(c), the Fourth Circuit has indicated that the applicable standard is the same as a motion to dismiss pursuant to Federal Rule 12(b)(6), noting that the "distinction is one without a difference." *Burbach Broad Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). To

overcome a motion for judgment on the pleadings, a complaint must be plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotations and citations omitted). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level …." *Twombly*, 550 U.S. at 555 (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotations and citations omitted). Finally, "[a]lthough for the purposes of a motion [for judgment on the pleadings] we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

### III. Discussion

The Court first addresses whether it has subject matter jurisdiction to determine the merits of Plaintiff's case. Defendant facially attacks whether Plaintiff's complaint, taken as true, sufficiently confers subject matter jurisdiction to this Court. *Def.'s Mem. of Law in Supp.*, ECF No. 19, at 3. When a plaintiff fails to exhaust administrative remedies before pursuing a case in

federal court, the court does not have jurisdiction over the claim. *See Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999) (dismissing case for failure to exhaust). The Court finds that Plaintiff has failed to exhaust the administrative remedies available for all his causes of action under both Title VII and the ADA. The Court, thus, does not have subject matter jurisdiction in this case and must dismiss Plaintiff's claims.

Title VII and the ADA both require a claimant to file a complaint with the EEOC before turning to federal court. The ADA explicitly adopts the enforcement procedures found within Title VII's provisions. *See* 42 U.S.C. § 12117(a) ("The powers, remedies, and procedures set forth in sections … 2000e-5 … shall be the powers, remedies, and procedures this subchapter provides …."); *Sydnor v. Fairfax Cty.*, 681 F.3d 591, 593 (4th Cir. 2012). Once a claimant files a charge with the EEOC, the Commission must determine whether there is reasonable cause to believe that the allegations are true. *See* 42 U.S.C. § 2000e-5(b). If the Commission cannot find reasonable cause, the Commission "shall dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of its action." *Id.* However, if reasonable cause exists, "the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." *Id.* Once the Commission determines to take or forego action on the claimant's case, the Commission "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent." 42 U.S.C. § 2000e-5(f)(1).

The Supreme Court has interpreted this enforcement procedure as a mandate that the "action by the EEOC … is a predicate for litigation based on the federal statute." *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 825 (1990). Therefore, a plaintiff alleging violations of Title VII and the ADA "must exhaust his administrative remedies by filing a charge with the EEOC

before pursuing a suit in federal court." *Sydnor*, 681 F.3d at 593. The charge allows the EEOC to investigate the underlying allegations and determine "whether 'reasonable cause' exists to believe that the charge of discrimination is true." *Davis v. North Carolina Dep't of Corr.*, 48 F.3d 134, 137 (4th Cir. 1995). If the EEOC decides not to advocate on the claimant's behalf in court, the EEOC issues a Right to Sue Letter, which allows the claimant to file suit in federal court on his own. *Id.* at 138.

The exhaustion requirement is "an integral part of the Title VII [and the ADA] enforcement scheme." *Sydnor*, 681 F.3d at 593 (quoting *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005)). After filing a charge with the EEOC, the Commission gives notice to the employer, providing an opportunity for the employer to address the discriminatory practice without having to litigate. 42 U.S.C. § 2000e-5(b). The exhaustion requirement also gives the EEOC "first crack at these cases" and "respects Congress's intent to use administrative conciliation as the primary means of handling claims, thereby encouraging quicker, less formal, and less expensive resolution of disputes." *Sydnor*, 681 F.3d at 593 (quoting *Chris v. Tenet*, 221 F.3d 648, 653 (4th Cir. 2000) (internal quotation marks omitted)).

It is evident in this case that Plaintiff has failed to exhaust his administrative remedies with the EEOC before pursuing action in this Court. Plaintiff's complaint addresses only one Right to Sue Letter, which—as Defendant clarifies—covers only the alleged discriminatory conduct occurring on and before November of 2014. *See Pl.'s Compl.*, ECF No. 2, at ¶ 13; *Def.'s Reply*, ECF No. 22, at 6. Counts I, II, and III allege conduct occurring from the beginning of Plaintiff's employment through June of 2014. These alleged violations assert that Defendant discriminated against Plaintiff in his employment by removing services and instituting requirements that inhibited Plaintiff's ability to perform his job functions. These actions appear to exist within the

first charge Plaintiff filed with the EEOC on March 18, 2015—the one referenced to within the complaint.[1] The EEOC issued Plaintiff a Right to Sue Letter for these allegations, which allowed Plaintiff to pursue action in court. And Plaintiff did. Defendant explains that Plaintiff filed a civil action in Cabell County Circuit Court on November 17, 2015 against Defendant for failure to accommodate, violation of public policy, retaliation, intentional infliction of emotional distress, and violations of the Wage and Payment Act. *Def.'s Reply*, ECF No. 22, at 6. Plaintiff then voluntarily dismissed the case to proceed with a Level III Grievance Hearing involving the same conduct and a second EEOC charge subsequently filed.[2] *Id.* The Level III Grievance Hearing is currently pending before Administrative Law Judge Lewis G. Brewer. *See Pl.'s Resp.*, ECF No. 20, at 6. As Plaintiff's allegations are currently pending in another forum, the Court finds that Plaintiff has failed to exhaust the administrative remedies for Counts I, II, and III.

Plaintiff filed a second Notice of Charge with the EEOC to allege discriminatory conduct regarding his termination and for Defendant's failure to accommodate. *See Def.'s Reply*, ECF No. 22, at 6. This charge was filed on March 15, 2016 and remains pending before the EEOC. *See Pl.'s Resp.*, ECF No. 20, at 6 (admitting that the second EEOC charge remains pending). Counts IV and V in the complaint allege conduct covering the denied accommodation and Plaintiff's termination. Accordingly, as these two events remain pending in a charge before the

---

[1] If the conduct alleged in the complaint in Counts I, II, and III is not included in this first charge, there is further support that Plaintiff failed to notify Defendant of the alleged discrimination as required under Title VII and the ADA. *See Sydnor*, 681 F.3d at 594 (explaining that the goals of the exhaustion requirement would be undermined if a claimant could bring a federal case outside the scope of the EEOC charge). The Court, thus, assumes that the first charge covers this conduct in the analysis.

[2] Moreover, Plaintiff cannot argue that Counts I, II, and III follow the directive by the EEOC Right to Sue Letter issued in 2015. The instant case was filed on October 3, 2016, but the Right to Sue Letter was issued on August 24, 2015. If Plaintiff based this case on that Right to Sue Letter, he falls outside the ninety-day window to bring suit provided in the statute. Plaintiff did not make an argument for equitable tolling to justify filing the case outside these time limits.

EEOC, Plaintiff has failed to exhaust his administrative remedies for these claims. Plaintiff must wait to file a suit with a federal court until the EEOC has issued a Right to Sue Letter. Counts IV and V, therefore, must be dismissed.[3] Accordingly, the Court lacks subject matter jurisdiction over all of Plaintiff's claims due to failure to exhaust administrative remedies.

The next question for the Court is whether to dismiss Plaintiff's case with or without prejudice. Defendant argues that Plaintiff's failure to first seek remedies with the West Virginia Human Rights Commission within the statutory time limit prevents Plaintiff's claims from ever establishing a cause of action against Defendant. *See Def.'s Mem. of Law in Supp.*, ECF No. 19, at 11. However, once a court lacks subject matter jurisdiction over a case, the court cannot make any decisions on the merits of that action. "A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *S. Walk at Broadland Homeowner's Ass'n v. OpenBand at Broadland, LLC*, 713 F.2d 175, 185 (4th Cir. 2013); *Nester v. Hampton Inn Princeton*, Civ. No. 1:13-03336, 2013 WL 2468576, at *2 (S.D.W. Va. June 7, 2013) ("precisely because the court lacks subject matter jurisdiction over plaintiff's Title VII claim, the court cannot dismiss that claim with prejudice since the court has no power to adjudicate and dispose of a claim on the merits"). Accordingly, the case must be dismissed without prejudice.[4]

---

[3] The Court is not convinced by Plaintiff's argument that equity demands that Defendant be estopped from raising the defense for failure to exhaust. *Pl.'s Resp.*, ECF No. 20, at 6. Plaintiff argues that Defendant continued in its discriminatory practices after Plaintiff filed numerous grievances, but this alleged conduct does not negate the exhaustion requirements of the ADA and Title VII.

[4] Defendant cites *Woodrum v. Thomas Memorial Hospital Foundation, Inc.* in support of dismissal with prejudice. 45 F. Supp. 2d 538 (S.D.W. Va. 1999). However, this Court takes the directive from the Fourth Circuit post-*Woodrum*, stating that such dismissal when based on jurisdictional grounds is inappropriate. *S. Walk*, 713 F.2d at 185.

As the Court finds that it does not have subject matter jurisdiction for failure to exhaust, the Court need not discuss Defendant's other arguments under sovereign immunity of the Eleventh Amendment, *Younger* abstention, or whether Plaintiff's allegations fail to state a claim.

## IV. Conclusion

The Court, therefore, finds that Plaintiff has failed to exhaust his administrative remedies before filing the instant case in federal court. The Court **GRANTS** Defendant's Motion for Judgment on the Pleadings (ECF No. 18) and **DISMISSES** the case **without prejudice**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: April 17, 2017

_____
ROBERT C. CHAMBERS, CHIEF JUDGE